IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* INGRID LAW,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS G. SPURLOCK, *et al.*;<br><br>Defendants. | CV-08-AR-1217-S<br><br><br><br>***FILED UNDER SEAL*** |

## EX PARTE MOTION FOR EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE

The United States of America (the "United States") respectfully moves this Court for an *ex parte* order under the False Claims Act, as amended, 31 U.S.C. § 3730(b)(3), for an extension from September 16, 2008 to and including January 30, 2009, in which to notify the Court of its decision regarding intervention in the above captioned False Claims Act *qui tam* action, and, if granted, to keep the Complaint and other related filings under seal.

Ingrid Law (the "Relator") filed this *qui tam* action against Thomas J. Spurlock, David Marshall, The Performance Group, LLC., Performance Group Cullman, LLC., Performance Group Albertville, LLC., Performance Group

Birmingham, LLC., Spinal Rehab Associates, LLC., Alabama Pain Consultants, LLC., Francois Michael Blaudeau, Robert R. Riley, Jr., and John Doe (together, the "Defendants") on July 10, 2008, pursuant to the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. The period within which the United States is to elect whether or not to intervene in this action expires sixty days after the date of service of the complaint. The Relator completed service of the Complaint and disclosure statement on the U.S. Attorney for the Northern District of Alabama and on the Attorney General on July 18, 2008. Accordingly, the current deadline for the United States to elect to intervene is September 16, 2008.

In the Complaint, the Relator alleges, *inter alia*, that from March 2005 to July 2006, the Defendants caused false claims to be submitted to the United States by filing claims with the Medicare Program for services and equipment which were unnecessary or improper.

The *qui tam* provisions of the False Claims Act provide in pertinent part that:
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The Complaint shall be filed in camera, shall remain under seal for <u>at least</u> 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint

2

and the material evidence and information.

> (3) <u>The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)</u>.

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The United States is actively investigating the allegations in the Complaint. Undersigned counsel and an investigator from the Department of Health and Human Services Office of the Inspector General interviewed the Relator regarding the allegations in the Complaint on August 18, 2008. Based on the initial information provided by the Relator, the United States believes that the allegations in the Complaint warrant further examination and investigation. Given the complexity of the allegations the United States expects that additional interviews with witnesses who can support or refute the allegations in the Complaint and a review of the relevant documents will be necessary. At this time, the United States expects that subpoenas will need to be issued in order to obtain those documents. Given the nature and scope of the allegations in the Complaint and the fact that the intervention deadline is September 16, 2008, the United States does not expect to obtain sufficient information to make an informed decision regarding intervention prior to this date. Based on the foregoing, the United States requests an extension until January 30, 2009.

In the instant case, if this case is unsealed before the United States can fully evaluate the allegations in the Complaint, the interests of the United States may be harmed. Without the requested extension, the United States must either (a) proceed with litigation with incomplete evidence or (b) decline to intervene even though the United States may have been the victim of fraud.

If the Court grants the extension requested in the Motion, the United States further requests that this Court order that the Complaint and all other matters in this case remain under seal during such extension.

## CONCLUSION

For all of the above reasons, the United States respectfully submits that the Court has cause to grant an extension under 31 U.S.C. § 3730(b)(3) in this case, to and including January 30, 2009, and for the Complaint and other documents filed in this matter to remain under seal during such extension.

The Relator concurs in this request.

Respectfully submitted this the 2nd day of September, 2008.

        ALICE H. MARTIN
        UNITED STATES ATTORNEY

        */s/ Lloyd C. Peeples*
        LLOYD C. PEEPLES, III
        Assistant United States Attorney
        Attorney Number: ASB-3015-S44L
        1801 4th Avenue North
        Birmingham, AL 35203
        Telephone: (205) 244-2116

        Counsel for United States