FILED
2008 Sep-08 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* INGRID LAW, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 08-AR-1217-S |
| v. | } } | |
| THOMAS G. SPURLOCK, et al., | } } | **UNDER SEAL** |
| Defendants. | } | |

### MEMORANDUM OPINION AND ORDER

The court has before it an *ex parte* motion filed by the United States of America ("the United States") on September 3, 2008, seeking an order extending the 60-day deadline provided by 31 U.S.C. § 3730(b)(3) for it to intervene in the above-entitled False Claims Act case, and for a like extension of the time within which the case is to remain under seal. The requested extensions are from September 16, 2008, to January 30, 2009, a period of four and one-half months.

With its motion, the United States has submitted a form order that, if signed, would contain a finding by the court that "good cause" for the requested extensions has been established, and would further provide that the order "shall not prohibit the United States from seeking any further extension pursuant to 31 U.S.C. § 3730(b)(3)". If this court had the authority to grant the requested extensions, it could not, on what it has, find either that "good cause" for an extension has been demonstrated,

or that further extensions, if requested by the United States, might be granted. The court has not been presented with anything that would justify an extension. The mere conclusory allegation that more time is needed to investigate the matter, and that discovery may be necessary to see if there is a basis for the *relator*'s claims, does not justify an extension. The United States does not even share with the court any information the *relator* submitted to it.

The real issue is not whether this court would grant an extension if good cause had been shown, but whether 31 U.S.C. § 3730 permits any extension of the 60-day time limit for intervention unequivocally set by Congress. This court gives the words in § 3730(b)(2) and (3) their plain meaning, even though other courts, and this court in the past, have not done so. The pertinent clear language of the statute reads as follows:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. **The complaint** shall be filed in camera, **shall remain under seal for at least 60 days**, and shall not be served on the defendant until the court so orders. **The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.**
>
> (3) The Government may, for good cause shown, move the court for **extensions of the time during which the complaint remains under seal**

>             **under paragraph (2).**  Any such motions may be
>             supported by affidavits or other submissions
>             in camera.  The defendant shall not be
>             required to respond to any complaint filed
>             under this section until 20 days after the
>             complaint is unsealed and served upon the
>             defendant pursuant to Rule 4 of the Federal
>             Rules of Civil Procedure.

(emphasis supplied).

There is nothing in this language to suggest that the United States has a right to seek an extension of **the 60-day period within which it can intervene**.  The meaning is so obvious that there is no call for an examination of legislative history.  When fixing the time for the United States to elect whether or not to intervene in a *qui tam* action, Congress did not say "60 days, plus any extensions granted by the court for good cause".  The possibility of an extension is only available to keeping the case under seal.  The only reason this court can think of why courts have routinely signed the form order routinely submitted by the United States purporting to extend the time for intervention is that there is never anybody to insist on the plain meaning of the statute.  With the eager approval of the *relator*, and with no opposition from the unaware defendants, the United States has never faced the question this court now raises *sua sponte*.

By the plain meaning of this statute, if the United States intervenes within the limited period expressly provided by Congress, it can, of course, upon a showing of good cause,

3

thereupon obtain an extension of **the time within which the case remains under seal.** If, however, it fails to intervene within the firmly fixed 60-day period after receiving the complaint and the *relator*'s materials, the *relator* must proceed alone, and the complaint must be served forthwith on the defendants and the seal lifted. This procedure does not preclude the United States from seeking leave to intervene at a later date with *relator*'s permission, as is clearly provided by 31 U.S.C. §3730(c)(3), a provision that reinforces this court's reading of § 3730(b)(2) and (3), that is, if any reinforcement of the obvious were necessary.

Because there is no statutory basis for the granting of an extension of the 60-day period within which the United States must elect to intervene, the motion of the United States is respectfully DENIED. If **by September 16, 2008,** the United States intervenes, it can at that time ask for an extension of the time for the case to remain under seal, if it can show good cause for such an extension.

DONE this 8th day of September, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE