IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel*. INGRID LAW, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 08-AR-1217-S |
| v. | } } | |
| THOMAS G. SPURLOCK, et al., | } } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND ORDER

In this opinion the court will not repeat what it has said in earlier opinions in the above-entitled case, except to provide the necessary background.

On September 17, 2008, after the time had expired for the United States to intervene, this court lifted the seal, struck the purported notice of dismissal without prejudice filed by *relator* pursuant to Rule 41(a)(1)(A)(i), F.R.Civ.P., and ordered her to initiate service on defendants within seven (7) calendar days. On September 23, 2008, *relator* filed another purported notice of dismissal, again pursuant to Rule 41(a)(1)(A)(i), and the United States simultaneously filed a notice of its consent to the dismissal, without stating any reason. On September 24, 2008, the court entered an order, *inter alia*, reminding *relator* of her obligation to initiate service of process. On the same day, September 24, 2008, the United States filed what it styled a "Notice of Basis for Dismissal", offering as the basis for its

joinder in the dismissal the same thing it asserted as its basis for deciding not to intervene, namely, that it has not had time to complete an investigation of the allegations of the complaint. The notice terminated with the following statement:

> The United States submits that a dismissal at this stage would serve the interest of judicial economy and prevent the defendants from incurring the costs associated with responding to the allegations in the Complaint.

*Relator* not having initiated service, the court on September 25, 2008, ordered *relator* to appear on October 3, 2008, and show cause if she could do so, why her action should not be dismissed for want of prosecution. Later that same day, the *relator* filed a response to the show cause order and a motion to reconsider the court's striking of her notice of dismissal.

On October 3, 2008, the court held the contemplated show cause hearing. Defendants were not present, no doubt because they were blissfully unaware that they were being sued for alleged fraud against the United States. *Relator* and the United States were both present by counsel. *Relator* admitted that she had not requested the Clerk to prepare or to issue a single summons. During the colloquy between the court and counsel, it became apparent to the court for the first time that *relator* is, in fact, requesting the court to consent to the dismissal of the action without prejudice. Alternatively, *relator* is saying that if the court will not consent to a dismissal, the court should at least recognize that pursuant to Rule 4(m), F.R.Civ.P., she has 120 days from the lifting of the

seal within which to obtain service on defendants, or, in other words, that the court should revisit and revise its order of September 17, 2008, accordingly.

**Should this Court Consent to a Dismissal Without Prejudice?**

Before any dismissal of a False Claims Act case, the written consent of the Attorney General, with a reason stated, must be obtained, and also the consent of the court, with a reason stated. 31 U.S.C. § 3730(b). The court will travel on the shaky assumption that a written consent by the United States Attorney for the district in which a *qui tam* action is pending, qualifies as the required consent of the "Attorney General". The *qui tam* statute does not call for the consent of the "United States", but for the consent of the "Attorney General", who is an important official of the United States with specific responsiblity. The words "Attorney General" nowhere appear in the notices of consent filed by the United States Attorney on behalf of the United States, and there is no showing that the Attorney General has ever delegated to the United States Attorney the authority to enter his consent to the dismissal of a *qui tam* action. The statute does not require that the Attorney General's consent be accompanied by a logical or persuasive reason. It only requires that a "reason" be stated. One reason here given by the Attorney General's purported surrogate, is that the Department of Justice has not completed its investigation of the matter. This is the same reason the United States gave for

3

requesting an extension of time within which to intervene, a request that was denied. The other reason here given by the Attorney General's purported surrogate is that a dismissal without prejudice will "prevent the defendants from incurring costs associated with responding to the allegations . . . ." These reasons may suffice as technical compliance with § 3730(b), but they are not reasons that this court could conscientiously adopt as reasons for giving consent. The court's consent is, of course, just as necessary as is the consent of the Attorney General. If after these defendants are served, they decide to consent to a motion for dismissal without prejudice, the question presented will be different. Unless and until that happens, the court will assume that defendants prefer to face the music now and would like to get the charges being made against them disposed of without letting the controversy drag on for months or years, as many *qui tam* cases do.

Before filing her *qui tam* action, this *relator* presumptively knew that the United States might decline to intervene, and that she might have to proceed alone. She should have only one bite at inviting the United States to take over the burden of prosecution. She should have anticipated the very real possibility that the United States would not intervene and therefore that she would inherit the full responsibility for conducting discovery and ultimately trying the case on the merits. *Relator* admits in her motion for reconsideration that "she does not wish to proceed with

4

her claims without the benefit of a thorough investigation by the Department of Justice and the legal support of the United States Attorney's Office." It is, of course, understandable that she prefer not to proceed without the help of United States, but a dismissal without prejudice should not provide a procedural substitute for the timely intervention of the United States.

Although *relator* at first insisted that she had the unconditional right to a dismissal without prejudice under Rule 41(a)(1)(A)(i) because the defendants have not been served, she now seemingly acknowledges that she needs this court's consent for an effective dismissal. Otherwise, she would not have obtained the consent of the United States. Whether she sought the consent of the Attorney General himself is not reflected in the record.

Despite *relator*'s weak suggestion to the contrary, § 3730(b)(1) makes no distinction between a dismissal without prejudice and a dismissal with prejudice. Either form of dismissal has two preconditions: (1) consent of the Attorney General, with a reason, and (2) consent of the court, with a reason.

Although the court thought it had already made itself clear on the subject, it redundantly declines to consent to the dismissal without prejudice jointly proposed by *relator* and the United States, and therefore STRIKES, as ineffectual, *relator*'s second purported notice of dismissal and DENIES *relator*'s motion for reconsideration insofar as it asks the court to change its mind on

the earlier identical ruling.

**Does *Relator* have 120 Days within which to Serve Defendants?**

If this court had not expressly ordered otherwise, Rule 4(m), F.R.Civ.P., arguably would give *relator* 120 days from the removal of the seal within which to serve defendants, and even more time if *relator* could show good cause for an extension. Rule 4(m) provides that failure to serve within 120 days can cause a dismissal **without prejudice**, the same result *relator* now seeks.

*Relator* argues that the Federal Rules of Civil Procedure, including Rule 4(m), apply in *qui tam* actions. *Qui tam* actions are unique, making some of the procedural rules problematic. If Rules 3 and 4 were applied literally in *qui tam* cases, and if the Advisory Committee Notes to Rule 3 were taken seriously in this context, the filing of a complaint "**is to be followed forthwith by issuance of a summons and its delivery to an officer for service**" (emphasis supplied). Because *relator*'s original complaint was filed under seal, this routine procedure could not logically be followed. But, when the seal was lifted, compliance with the "**forthwith**" instruction to obtain the issuance of a summons became operative. *Relator* still has not requested the issuance of a summons to any defendant.

More important than the Advisory Committee Notes on Rule 3 is the language of the False Claims Act itself, language that shapes or alters Rule 4(m), and that expressly provides the *qui tam* court

6

with the authority to order service of process in less than 120 days. The controlling sentence provides that the complaint "shall not be served on the defendant **until the court so orders**". (emphasis supplied). 31 U.S.C. § 3730(b)(2). The statute does not say "**until the court so orders so long as *relator* is given at least 120 days**". If Rule 4(m) should be construed to override the requirement for the court's consent to the dismissal of a *qui tam* action and automatically to set the time for effecting service, the expiration of the 120 days could cause the very same dismissal without prejudice that the *relator* now seeks but has not obtained. *Relator*'s tactic is apparent. She would like to get indirectly what she cannot get directly. If the court should recognize the Rule 4(m) service time, *relator* could and undoubtedly would deliberately wait 120 days, hoping that the United States will change its mind and assume full responsibility.

In *United States, ex rel. McNutt v. Haleyville Medical Supplies, Inc.*, CV-01-3156-J, a case over which the undersigned presided, and in which present counsel for *relator* was counsel for McNutt, this court mistakenly granted the United States an extension of the statutory sixty (60) days within which to intervene, and then said:

> When the United States finally got around to notifying the court of its intent to intervene, **the court should have entered an order establishing a specific and abbreviated deadline for the filing and serving of a complaint-in-intervention.** Under the circumstances,

7

> there was no reason to have given the United States 120 additional days to serve defendants.

(emphasis supplied).

Although no issue was raised about the court's above-quoted recognition that service of process should be initiated immediately after the seal is lifted in a *qui tam* case, the Eleventh Circuit affirmed this court's denial of defendants' motion to dismiss. See *United States, ex rel. McNutt v. Haleyville Medical Supplies, Inc.*, 423 F.3d 1256 (11th Cir. 2005).

In *United States, ex rel. Jones v. Westwind Group, Inc.*, 417 F. Supp. 2d 1246 (N.D. Ala. 2006), this court dealt with a situation not dissimilar to the instant one. Both the *relator* and the United States had sought a dismissal without prejudice. After the United States filed a paper, as in the instant case, saying "that it is not intervening at this time", this court proceeded to deny *relator*'s motion to dismiss without prejudice, that is, after reciting the predicate facts as follows:

> [O]n September 19, 2005, the court ordered the file unsealed and **ordered the *relator* to proceed with service on defendants,** not only of the summons, but of all previous orders and pleadings.

(emphasis supplied).

This court did not remain mute after unsealing the complaint in *Westwind* and did not simply wait for the *relator* to react to the unsealing. Instead, the court called for immediate movement toward a final resolution of the controversy. In deciding whether to lend

8

support to an obvious delaying tactic, the court not only must consider good docket management, but the issues of "due process" and fairness that inhere in a case like this. The *qui tam* statute does not require the court to give a reason for **not** consenting to a dismissal. It only requires that a reason be stated **if consent is given**. If this court were required to give its reasons for not consenting, this opinion would be longer.

Although there was no reason for *relator* to hope for relief from the order requiring her to initiate service within seven (7) calendar days, her promptly filed motion for reconsideration prompts this court, as a matter of fairness, to AMEND its order of September 17, 2008, so as to extend the deadline for *relator* to initiate service. Accordingly, *relator* shall **by 4:30 p.m., October 10, 2008,** prepare for the Clerk's signature summonses addressed to each defendant (except the 20 "John Doe" defendants, against whom a dismissal, whether with or without prejudice, would be meaningless), and shall **by 4:30 p.m., October 14, 2008,** initiate service by certified mail or by other authorized means for effecting service, on all said defendants. The service shall include not only the original complaint, but all subsequent pleadings and orders, including this one.

DONE this 7th day of October, 2008.

```
                              /s/ William M. Acker, Jr.
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```