IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *ex. rel.* INGRID LAW, | } | |
| | } | |
| Plaintiff, | } | CIVIL ACTION NO. |
| | } | 08-AR-1217-S |
| v. | } | |
| | } | |
| THOMAS G. SPURLOCK, *et. al.*, | } | |
| | } | |
| Defendant. | | |

**MEMORANDUM OPINION**

The court has before it a motion filed by the United States of America invoking Rule 59(e), F.R.Civ.P., and seeking to clarify or, in the alternative, to alter or amend the order of October 14, 2008, in which the above-entitled *qui tam* action was dismissed for want of prosecution. The motion was not served on any of the defendants. The *relator*, Ingrid Law, has not filed a post-judgment motion and has not joined the motion of the United States.

In *United States, ex rel. Jones v. Westwind Group, Inc.*, 417 F. Supp. 2d 1246 (N.D. Ala. 2006), a decision that was referred to in the memorandum opinion that accompanied the October 14, 2008 order of dismissal, this court dealt with a procedural situation virtually identical to the instant one. There, as here, the court did exactly what it said it would do in the event the *relator* failed to prosecute, no more and no less. In *Westwind*, this court pointed out that if the United States is not a party it has no standing to file a Rule 59(e) motion. Also, in *Westwind*, the court

declined to dispense free legal advice.

Nothing in the present purported Rule 59(e) motion provides any reason for this court to alter the opinion it expressed in *Westwind*, and it declines to do so.  Accordingly, a separate order denying the motion will be entered.

DONE this 27th day of October, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE